```
 1  Lawrence Brewster
    Regional Solicitor
 2  Daniel J. Chasek
    Associate Regional Solicitor
 3  GRACE A. KIM, Trial Attorney (CSBN 247456)
    Office of the Solicitor (Sol # 1119433)
 4  United States Department of Labor
    350 S. Figueroa St., Suite 370
 5  Los Angeles, California 90071
    Direct: (213) 894-3950
 6  Facsimile: (213) 894-2064
    Email: kim.grace@dol.gov
 7
 8  Attorneys for Plaintiff
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILDA L. SOLIS,<br>   Secretary of Labor,<br>   United States Department of Labor,<br><br>                Plaintiff,<br>v.<br><br>T&P RESTAURANT CORPORATION,<br>d/b/a THAI PARADISE RESTAURANT,<br>a California corporation;<br><br>PRATERNG WINNIE CHU, individually<br>and as managing agent of the corporate<br>defendant;<br><br>and<br><br>DAVID LU, individually and as managing<br>agent of the corporate defendant,<br><br>                Defendants. | Case No. CV11 04935MRP MRW<br><br>COMPLAINT FOR INJUNCTIVE RELIEF AND TO RECOVER AMOUNTS DUE UNDER THE FAIR LABOR STANDARDS ACT (FLSA), 29 U.S.C. §§ 201, et seq. |

1. Plaintiff, Hilda L. Solis, Secretary of Labor, United States Department of Labor ("Plaintiff" or the "Secretary"), brings this action to enjoin Defendants T&P Restaurant Corporation, d/b/a Thai Paradise Restaurant ("Corporate Defendant" or "Thai Paradise"), Praterng Winnie Chu, individually and as managing agent

of Corporate Defendant ("Defendant Chu"), and David Lu, individually and as managing agent of Corporate Defendant ("Defendant Lu") (Corporate Defendant, Defendant Chu, and Defendant Lu are hereafter collectively referred to as "Defendants"), from violating the provisions of Section 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 215(a)(2) and 215(a)(5), respectively, and to recover wages owed under the FLSA to present and former employees of Defendants, including but not limited to those individuals listed by name in Exhibit 1 to this Complaint, attached hereto.

2. This Court has subject matter jurisdiction over the matter pursuant to Section 17 of the FLSA, 29 U.S.C. § 217. This court also has subject matter jurisdiction over the matter pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1345 (United States as plaintiff).

3. 
   a. Corporate Defendant, at all times material, has been a California corporation, with an office and place of business located at 909 W. Las Tunas Drive, San Gabriel, California 91776, and at all times material has been engaged in business as a Thai cuisine restaurant.
   b. Upon information and belief, Defendant Chu resides within the jurisdiction of this Court.
   c. Upon information and belief, Defendant Chu is the 100% owner of Corporate Defendant.
   d. Defendant Chu, at all times material, has acted directly or indirectly in the interest of Corporate Defendant in relation to the employees of Corporate Defendant.
   e. Upon information and belief, Defendant Lu resides within the jurisdiction of this Court.

   f. Defendant Lu, at all times material, has acted directly or indirectly in the interest of Corporate Defendant in relation to the employees of Corporate Defendant.

4. At all times material, the activities of Corporate Defendant constitute, and have constituted, related activities performed through unified operation or common control for a common business purpose, and at all times are, and have been, an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

5. At all times material, the enterprise has had employees engaged in commerce or in the production of goods for commerce or in handling, selling, or otherwise working on goods or materials which have been moved in or produced for commerce. This enterprise has had an annual gross volume of sales made of no less than $500,000.00 and is an "[e]nterprise engaged in commerce or in the production of goods for commerce" as defined by Section 3(s) of the FLSA, 29 U.S.C. § 203(s).

6. Defendants have violated, and are violating, the provisions of Sections 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2), respectively, by employing employees engaged in commerce, or in the production of goods for commerce, within the meaning of the FLSA, or employed in an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of the FLSA, at wage rates less than the applicable federal minimum wage, which was $6.55 per hour during the period of July 24, 2008 to July 23, 2009, and $7.25 per hour, effective July 24, 2009.

7. Defendants have violated, and are violating, the provisions of Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), respectively, by employing employees engaged in commerce, or in the production of goods for commerce, within the meaning of the FLSA, or employed in an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning

of Section 3(s) of the FLSA, 29 U.S.C. § 203(s), for work weeks longer than forty (40) hours without compensating said employees at rates not less than one and one-half times the regular rates at which they were employed.

8. Defendants have violated, and are violating, the provisions of Sections 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5), respectively, by failing to maintain, keep, make available to authorized agents of the Secretary for inspection, transcription, and/or copying, and preserve records of their employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by the regulations promulgated by the Secretary pursuant to authority granted in the FLSA and published at 29 C.F.R. Part 516.

9.
   a. During the period commencing on or about November 23, 2008, Defendants have repeatedly violated the aforementioned provisions of the FLSA.
   b. Defendants' violations of the provisions of the FLSA were willful and/or repeat in nature.
   c. As a result of the violations of the aforementioned provisions of the FLSA, there is unpaid monetary compensation due under the FLSA that is being withheld by Defendants.
   d. Judgment permanently enjoining and restraining such violations of the FLSA is specifically authorized by Section 17 of the FLSA, 29 U.S.C. § 217.
   e. Judgment enjoining and restraining any continued withholding of unpaid monetary compensation due under the FLSA is specifically authorized by Section 17 of the FLSA, 29 U.S.C. § 217.
   f. Judgment awarding unpaid back wages due under the FLSA, plus an additional amount as liquidated damages that is equal to the amount of back wages that accrued under the FLSA, is specifically authorized by Section 16(c) of the FLSA, 29 U.S.C. § 216(c).

WHEREFORE, cause having been shown, the Secretary prays for judgment as follows:

1. For an Order pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants and employees, and all persons in active concert or participation with them, from violating the provisions of Section 15(a)(2) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 215(a)(2) and 215(a)(5), respectively; and

2. For an Order:

   a. Pursuant to Section 16(c) of the FLSA, 29 U.S.C. § 216(c), finding Defendants liable for unpaid minimum wage and overtime compensation owed to present and former employees of Defendants, including but not limited to those persons listed by name in the attached Exhibit 1, plus an additional amount as liquidated damages that is equal in amount to the unpaid compensation found due under the FLSA to said employees; or, in any instances where liquidated damages are not awarded herein;

   b. Pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, restraining Defendants, their officers, agents, servants, and employees and all persons in active concert or participation with them, from continuing to withhold the payment of any unpaid minimum wage and overtime compensation found to be due to present and former employees of Defendants, including but not limited to those persons listed by name in the attached Exhibit 1, plus pre-judgment interest computed at the underpay-

ment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621; and

c. Such other and further relief as the Court deems necessary and/or appropriate.

Dated: June 7th, 2011

M. PATRICIA SMITH
Solicitor of Labor

LAWRENCE BREWSTER
Regional Solicitor

DANIEL J. CHASEK
Associate Regional Solicitor

_____
GRACE A. KIM
Trial Attorney

Attorney for the Plaintiff
U.S. DEPARTMENT OF LABOR

Re: <u>Solis v. T&P Rest. Corp., et al.</u>
(C.D. Cal. 2011) Case No. CV _____

# EXHIBIT 1
Solis v. T&P Rest. Corp., et al.

| Employee | Last Name | First Name |
|---|---|---|
| 1 | Aroon aka Eng | Wilipda Saeng |
| 2 | Benjakallayakorn | Saowaluck |
| 3 | Changngam | Rappeeporn |
| 4 | Hemhong | Sarinya |
| 5 | Luhxfamevitya | Chinnatit |
| 6 | Pongpilaipruk | Jira |
| 7 | Rangrong | Chayapan |
| 8 | Yaisoon | Marisara |
| 9 | Yostrakul | Suwanniee |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Mariana P. Pfaelzer and the assigned discovery Magistrate Judge is Michael Wilner.

The case number on all documents filed with the Court should read as follows:

**CV11- 4935 MRP (MRWx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

The United States District Judge assigned to this case will review all filed discovery motions and thereafter, on a case-by-case or motion-by-motion basis, may refer discovery related motions to the Magistrate Judge for hearing and determination

================================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division** 312 N. Spring St., Rm. G-8 Los Angeles, CA 90012 | [ ] **Southern Division** 411 West Fourth St., Rm. 1-053 Santa Ana, CA 92701-4516 | [ ] **Eastern Division** 3470 Twelfth St., Rm. 134 Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

GRACE A. KIM, Trial Attorney (CSBN#247456)
Office of the Solicitor (Sol#1119433)
United States Department of Labor
350 S. Figueroa St., Suite 370
Los Angeles, CA 90071-1202
Telephone: (213) 894-3950/Fax: (213) 894-2064

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILDA L. SOLIS, Secretary of Labor, United States Department of Labor, <br><br> PLAINTIFF(S) <br> v. <br> T&P RESTAURANT CORPORATION, d/b/a THAI PARADISE RESTAURANT, a California corporation; PRATERNG WINNIE CHU, individually and as Managing agent of the corporate defendant; and DAVID LU, individually and as managing agent of the corporate defendant, <br><br> DEFENDANT(S). | CASE NUMBER <br><br> CV11 04935MRP (MRWx) <br><br> SUMMONS |

TO: DEFENDANT(S): -named above-

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Grace A. Kim, whose address is 350 S. Figueroa Street, Ste. 370; Los Angeles, CA 900171-1202. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: JUN 10 2011

By: CHRISTOPHER POWERS
Deputy Clerk

(Seal of the Court)

[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].

---

CV-01A (12/07)          SUMMONS

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
HILDA L. SOLIS, Secretary of Labor,
United States Department of Labor

**DEFENDANTS**
T&P RESTAURANT CORPORATION, d/b/a THAI PARADISE RESTAURANT, a California corporation, PRATERNG WINNIE CHU, individually and as managing agent of the corporate defendant; and DAVID LU, individually and as managing agent of the corporate defendant.

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

GRACE A. KIM, Trial Attorney
United States Department of Labor, Office of the Solicitor
350 S. Figueroa St., Suite 370, Los Angeles, CA 90071, (213) 894-3950

**Attorneys** (If Known)

EDWIN M. ROSENBERG, Attorney
3435 Wilshire Blvd., Suite 2360, Los Angeles, CA 90010, (213) 389-1131

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:** JURY DEMAND: ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No          ☐ MONEY DEMANDED IN COMPLAINT: $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Complaint for injunctive relief and to recover amounts due under the Fair Labor Standards Act (FLSA), 29 U.S.C. 201, et seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☒ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | **IMMIGRATION** | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: CV11 04935

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                        CIVIL COVER SHEET                        Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☒ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| T&P Restaurant Corp. d/b/a Thai Paradise Restaurant -- Los Angeles;<br>Praterng Winnie Chu -- Los Angeles;<br>David Lu -- Los Angeles | |

(c) List the County in this District; California County outside of this District; State if other than California, or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X SIGNATURE OF ATTORNEY (OR PRO PER):** _[signature]_  Date 06/07/11

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases.

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |