Mary K. Alejandro
Acting Regional Solicitor
Daniel J. Chasek
Associate Regional Solicitor
GRACE A. KIM, Trial Attorney (CSBN 247456)
Office of the Solicitor (Sol # 1119433)
United States Department of Labor
350 S. Figueroa St., Suite 370
Los Angeles, California 90071
Direct: (213) 894-3950
Facsimile: (213) 894-2064
Email: kim.grace@dol.gov

Attorneys for Plaintiff

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HILDA L. SOLIS,**<br>Secretary of Labor,<br>United States Department of Labor,<br>Plaintiff,<br>v.<br>**T&P RESTAURANT CORPORATION,** d/b/a **THAI PARADISE RESTAURANT**, a California corporation;<br>**PRATERNG WINNIE CHU,** individually and as managing agent of the corporate defendant;<br>and<br>**DAVID LU,** individually and as managing agent of the corporate defendant,<br>Defendants. | **Case No. CV11-04935 JFW (MRWx)**<br><br>**CONSENT JUDGMENT**<br><br>**Court Trial Date:**<br>June 26, 2012 |

Plaintiff, HILDA L. SOLIS, Secretary of Labor, United States Department of Labor ("Plaintiff" or the "Secretary") and Defendants T&P RESTAURANT CORPORATION, doing business as THAI PARADISE RESTAURANT ("Corporate Defendant"), PRATERNG WINNIE CHU, individually and as managing agent of the Corporate Defendant ("Defendant Chu") and DAVID LU, individually and as managing

agent of the Corporate Defendant ("Defendant Lu")[1] (the Corporate Defendant, Defendant Chu, and Defendant Lu are hereafter collectively referred to as "Defendants") have agreed to resolve all matters in controversy in the above-captioned civil action and consent to entry of this Consent Judgment in accordance herewith:

A. The Secretary filed a Complaint alleging that Defendants violated provisions of Sections 6, 7, 11, 15(a)(2), and 15(a)(5), 29 U.S.C. §§ 206, 207, 211, 215(a)(2), and 215(a)(5), respectively, of the Fair Labor Standards Act of 1938, as amended ("FLSA"). (Doc. 1.)

B. The Secretary and Defendants waive Findings of Fact and Conclusions of Law, and agree to the entry of this Consent Judgment in settlement of this action, without further contest.

C. Defendants admit that the Court has jurisdiction over Defendants and subject matter of this civil action and that venue lies in the district court for the Central District of California.

D. Defendants represent that they are entering into this Consent Judgment in order to speedily and efficiently resolve this litigation.

It is therefore, upon motion of the attorneys for the Secretary, and for cause shown,

ORDERED, ADJUDGED, AND DECREED, that Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them who receive actual notice of this order, by personal service or otherwise, be, and they hereby are, pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, permanently enjoined and restrained from violating the provisions of Sections 15(a)(2), 15(a)(3), and 15(a)(5) of the FLSA, 29 U.S.C. §§ 215(a)(2), 215(a)(3), and 215(a)(5), in any of the

[1] The Clerk of Court entered default against Defendant Lu (Doc. 10), but default judgment was not sought against him after he appeared at a noticed deposition. Defendant Lu thereafter became part of settlement proceedings and is a signatory to the instant Consent Judgment.

following manners:

1. Defendants shall not, contrary to Section 6 of the FLSA, 29 U.S.C. § 206, employ any employee who in any workweek is engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, at wage rates less than $7.25 per hour, or less than the applicable minimum rate as may hereafter be established by amendment to the FLSA.

2. Defendants shall not, contrary to Section 7 of the FLSA, 29 U.S.C. § 207, employ any employee who in any workweek is engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, for a workweek longer than 40 hours unless said employee is paid at a rate of time and one-half his regular rate for all hours worked in excess of 40 hours in a workweek.

3. Defendants shall not fail to make, keep, and make available to authorized agents of the Secretary (for inspection, transcription, and/or copying, upon their demand for such access) and shall preserve, records of employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by regulations issued, and from time to time amended, pursuant to Sections 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5), respectively, and the implementing regulations found in Title 29, Code of Federal Regulations, Part 516.

4. Defendants shall not, contrary to Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3), discharge or otherwise discriminate against any current or former employee for exercising any right protected by the FLSA.

5. Defendants, jointly and severally, shall not continue to withhold the payment of $100,000.00 in unpaid minimum wage and/or overtime pay hereby found to be due under the FLSA to the employees named in the attached Exhibit 1. Exhibit 1 shows the name of each employee, the gross

back wage amount due to that employee, and the period covered by the Consent Judgment; and it is further

ORDERED, ADJUDGED, AND DECREED that Judgment is hereby entered, pursuant to Section 16(c) of the FLSA, 29 U.S.C. § 216(c), in favor of the Secretary and against Defendants in the total amount of $100,000.00, which represents unpaid back wages as described in Paragraph 5, above; and it is further

ORDERED that to satisfy the monetary portions of this Consent Judgment, Defendants, jointly and severally, shall not fail to deliver to the Secretary's authorized representatives at the United States Department of Labor, Wage and Hour Division, located at 100 North Barranca Avenue, Suite 850, West Covina, California, 91791, the following:

a. On or before March 1, 2012, a schedule bearing the name "Thai Paradise Restaurant," including the employer identification number, residential addresses and phone numbers of Defendants, and showing the names, last known residential addresses, Social Security numbers, and gross back wage amounts owed to each individual as listed in the attached Exhibit 1;

b. On or before March 1, 2012, a certified or cashier's check or money order, payable to the order of "Wage & Hour Div., Labor" in the amount of $100,000.00 and with "Thai Paradise Restaurant BWs" written in the subject or memo line of said check or money order;

c. In the event of a default in the timely making of the payment required under this Consent Judgment, the full amount which then remains unpaid, plus interest at the rate of ten percent (10%) per annum, from the date of this Judgment until the amount of this Judgment is paid in full, shall become due and payable upon the Secretary's sending, by ordinary U.S. mail, a written demand to the last business address of Defendants then known to the Secretary;

The Secretary shall allocate and distribute the remittances, or the proceeds thereof,

to the individuals named in the attached Exhibit 1, or to their estates if that be necessary, in her sole discretion. The Secretary shall be responsible for deducting from the amounts paid to said individuals each individual's share of F.I.C.A. and federal income taxes, and for remitting said deductions to the appropriate federal agencies. Any sums not distributed within a period of one year from the date of receipt of the last such amounts due hereunder, because of an inability to locate the proper individuals or because of such individual's refusal to accept it, shall be deposited by the Secretary into a special deposit account for payment to the proper individuals, and upon such inability to pay said amounts within three years, shall then be deposited into the Treasury of the United States as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c).

Defendants shall not request or coerce, directly or indirectly, any current or former employee to return or offer to return to Defendants (or to any other individual on behalf of Defendants) any money previously due or to become due in the future to said employee under the provisions of this Consent Judgment or under the FLSA; nor shall Defendants retaliate or encourage anyone else to retaliate against any current or former employee because such employee has received or retained money due to him under the provisions of this Consent Judgment or under the FLSA or because of said employee's actual or perceived cooperation with representatives from the United States Department of Labor regarding the investigation giving rise to the above-captioned civil action.

It is further ORDERED that the filing, pursuit, and/or resolution of this proceeding with the entry of this Consent Judgment shall not act as or be asserted as a bar to any action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), as to any employee not named in the attached Exhibit 1, nor as to any employee named in the attached Exhibit 1 for any time period not specified therein; and it is further

ORDERED that each party shall bear his, her, or its own fees and other expenses incurred by such party in connection with any stage of this proceeding, including but not limited to attorney's fees, which may be available under the Equal Access to Justice Act, as amended; and it is further

ORDERED that this Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

The Court directs the entry of this Consent Judgment as a final Order.

SO ORDERED.

Dated: 2/22/12

THE HONORABLE JOHN F. WALTER
United States District Judge

Entry of this Judgment is hereby consented to:

For Defendants:

For T&P RESTAURANT CORP., D/B/A THAI PARADISE RESTAURANT:

| | |
|---|---|
| __/s/________________________ | February 8, 2012 |
| Praterng Winnie Chu | Date |
| Authorized Agent | |

For DEFENDANT PRATERNG WINNIE CHU, an individual:

| | |
|---|---|
| __/s/__________________________ | February 8, 2012 |
| Praterng Winnie Chu | Date |

For DEFENDANT DAVID LU, an individual:

| | |
|---|---|
| __/s/_________________________ | February 22, 2012 |
| David Lu | Date |

For the Secretary:

M. PATRICIA SMITH
Solicitor of Labor

MARY K. ALEJANDRO
Acting Regional Solicitor

DANIEL J. CHASEK
Associate Regional Solicitor

| | |
|---|---|
| __/s/_________________________ | February 8, 2012 |
| GRACE A. KIM | Date |
| Trial Attorney | |
| U.S. Department of Labor | |

**EXHIBIT 1**

Solis v. T&P Rest. Corp., et al.

| **Last Name of Employee** | **First Name of Employee** | **Period Covered (by Work Week Ending Dates)** | **Gross Back Wages Due** |
|---|---|---|---|
| Aroon aka Eng | Wilipda Saeng | 05/03/09 – 11/14/10 | $6,626.10 |
| Benjakallayakorn | Saowaluck | 11/23/08 – 11/14/10 | $17,687.57 |
| Changngam | Rappeeporn | 03/14/10 – 08/29/10 | $1,616.45 |
| Hemhong | Sarinya | 11/23/08- 11/14/10 | $19,728.76 |
| Luhxfamevitya | Chinnatit | 11/23/08 – 09/13/09 | $2,592.04 |
| Pongpilaipruk | Jira | 08/01/10 – 11/07/10 | $1,059.69 |
| Rangrong | Chayapan | 11/23/08 – 04/25/10 | $2,596.24 |
| Yaisoon | Narisara | 11/23/08 – 11/14/10 | $18,791.86 |
| Yostrakul | Suwanniee | 11/23/08 – 11/14/10 | $29,301.29 |
| | | | |
| Total Amount | | | $100,000.00 |